## WARREN LOUD *versus* AMBROSE MERRILL.

The notarial protest of a bill of exchange or promissory note duly certified, is legal evidence of the facts stated therein.

It is not necessary, in an action against the indorser of a note, for the plaintiff to prove that the defendant actually received the notice of non-payment. It is sufficient if it appears that the letter containing the notice, was properly directed, seasonably mailed, and the postage paid.

And where these facts appear, the plaintiff is entitled to recover, though the defendant prove that the only notice be received was insufficient.

The plaintiff having reserved interest at the rate of twelve per cent. per annum, when he received the note from the maker in an action against an accommodation indorser, *it was held*, that the excess over six per cent. should be deducted.

And this fact being proved, by the testimony of the defendant, it was held, that he was entitled to recover costs.

REPORT by RICE, J.

This was an action of ASSUMPSIT upon a promissory note, dated at Hallowell, Dec. 17, 1855, for the sum of $5000; due in one year from date, at the Suffolk Bank, in Boston. It was signed by Reed & Page, a firm doing business in Hallowell, payable to Rufus K. Page, and was indorsed by him and by the defendant.

The defence was, that there was no sufficient demand of payment at maturity to charge the defendant as indorser. There was also a partial defence on the ground of usury.

The plaintiff put into the case the notarial certificate, under the hand and seal of S. Andrews of Boston, a notary public, by which it appeared, that on the twentieth day of December, 1856, he duly demanded payment at the Suffolk Bank, and was informed that the principals had no funds

there, and that thereupon, on the same day, he duly notified the indorsers of the demand and the non-payment of the note.

There was also other evidence, that the letter containing the notice was directed to the defendant, and seasonably mailed, the postage on the letter being pre-paid.

The defendant, for himself, testified, that the only notice he ever received was the one produced by him in Court, of which the following is a copy:—

" Commonwealth of Massachusetts.

"Suffolk ss. Boston, Dec. 17th, 1856.

"Ambrose Merrill, Sir:— A promissory note, for five thousand dollars, dated Hallowell, Dec. 17, 1855, signed Reed & Page, payable to the order of Rufus K. Page, at Suffolk Bank, Boston, at one year after date thereof, indorsed Rufus K. Page, Ambrose Merrill, Warren Loud, having been protested by me, this day, for non-payment, I hereby notify you that the holder looks to you for payment, interest, cost and damages, payment having been duly demanded and refused.

"Done at the request of the Cashier of the Bunker Hill Bank.                    "S. Andrews, Notary Public."

The defendant also testified, that the plaintiff told him that Reed & Page paid him twelve per cent. interest on the note when he took it of them.

The case was argued by

*Williams & Cutler*, for the plaintiff, who relied upon the notarial certificate as evidence that the demand was duly made, and the defendant notified of the non-payment. *Ticonic Bank* v. *Stackpole*, 41 Maine, 302. And they contended that there was no evidence in the case that notice of such a demand was not duly sent to the defendant, whether he ever received it or not.

*Bradbury* argued for defendant:—

The defendant is sued as second indorser on a note signed by Reed & Page, (Henry Reed and John O. Page,) payable to, and first indorsed by, Rufus K. Page.

The defence is, that the notice to Merrill is fatally defective, it being of a protest on the 17th of December, the day the note would be due *without grace*, instead of the 20th, when legally due.

The liability of an indorser is *conditional*. The paper must be presented and demand made *on the day it matures*, and, if not *then* paid, notice must be duly given to the indorsers.

A presentment *before* or *after* the day, is equally out of time; and the indorser is discharged in either case, by the neglect to perform a condition essential to fix his liability.

It is not sufficient that the demand be made *in fact* upon the proper day. *It is also essential that the indorser be notified that the demand has been made on that day.* Any other construction dispenses with notice.

*Due notice* is as essential as *due demand*. The indorser looks to his notice to see whether he is held; and, if so, to notify those liable before him. If the notice shows too late a demand, he sees he escapes by the laches of the holder. If it shows the demand to have been made on too early a day, he has a right to expect a further presentment at the proper time, and due notice, if the paper shall not then be paid.

He has no right to suppose it will be paid before it matures; and a notice of non-payment on demand then made, does not show its dishonor.

The law presumes it will be paid only at the precise time of its maturity, and the indorser is therefore authorized to require notice of non-payment at that time.

The law is very particular in its requirements as to notice.

It is indispensable that. the notice shall contain, 1st, a true description of the note, so as to ascertain its identity; and, 2d, that it shall show that it has been duly presented and is dishonored. Story on Bills, 443; *Ransom* v. *Mash*, 2 Hill, 587; *Ireland* v. *Kepp*, 10 Johns. 430; *Berry* v. *Robinson*, 9 Johns. 121.

The conditional liability of the indorser rests on notice of dishonor, which cannot take place till the paper matures.

In 4 Denio, 163, *Wyman* v. *Alden*, the notice was without date; and, although it described the note exactly, the Court held that it was insufficient, as, for aught appeared, the presentment might be before or after maturity. The principle is, that the day of presentment must appear, that the Court, and not the notary, may determine the time of maturity.

If, then, a notice without date is insufficient because it does not show, on its face, that the notary was correct in judging as to the time of maturity, it incontestably follows that a notice is void which shows the demand was before maturity. Bailey on Bills, 243; 1 Esp. 261. The notice in this case is obviously fatally defective.

It is a notice of a demand made December 17, the day the note would be due without grace.

It merely notified the defendant of an attempt to fix his liability by a demand without the benefit of the days of grace. It is plain he had a right to presume the note would be again presented on the proper day, and, if not then paid, to require to be notified thereof.

It is unlike those cases where there is sufficient in the notice to show and rectify a mistake in it. There is nothing in this notice to indicate any mistake, nothing to lead the defendant to suppose there was any, nothing to put him on his guard in this respect, and to admonish him to move to hold prior parties.

Under date of the " 17th," the language is, " having been protested by me, this day, for non-payment, I hereby notify," &c., and the day being the time the note would mature according to its terms, if the law allowed no grace, the defendant was left to suppose it was an attempt to collect without the allowance of grace, and not that there was any mistake in the date of the notice.

None of the cases relating to mistakes in notices have, therefore, any application. In passing, I beg to call the attention of the Court to the fact that these cases rest on a very doubtful and contested, if not, now, repudiated foundation.

The defendant was entitled to notice of demand on the

proper day, to enable him to notify his prior indorser, R. K. Page. This he could not do, on the notice received. No case can be found like this, where the notice has been held good.

The plaintiff, by his laches, deprived the defendant of all remedy over on the first indorser, and thus discharged him.

Where a prior indorser is thus released, there is no authority that excuses such laches in order to hold a subsequent one.

The opinion of the Court was drawn up by

HATHAWAY, J.—Assumpsit against the defendant, as second indorser of a negotiable promissory note, dated Dec. 17, 1855, for five thousand dollars, signed by Reed & Page, payable to the order of Rufus K. Page, one year after date, at the Suffolk Bank, Boston, and indorsed by Rufus K. Page and the defendant. The plaintiff's attorney introduced the note, the protest duly certified, by S. Andrews, a notary public, and the testimony of Joseph Young, Thomas Marshall and the plaintiff, by which it was proved that the note was duly presented for payment, protested for non-payment, and that the defendant was duly notified.

The defendant alleged that the note was prematurely presented for payment, and that he was not so notified of its dishonor as to render him liable as indorser, and introduced a notice, which he testified, was the only notice which he received, and by which it appears, that the note therein described, was presented for payment three days before its maturity.

" The protest of any foreign or inland bill of exchange, or promissory note, or order, duly certified by any notary public, under his hand and official seal, shall be legal evidence of the facts stated in such protest as to the same, and also as to the notice given to the drawer or indorser, in any Court of law." R. S. of 1841, c. 44, § 12 ; 41 Maine, 302.

It was not incumbent on the plaintiff, to prove that the defendant received the note. It was sufficient for him to prove that the note was duly presented for payment at the proper time and place ; that payment was refused ; that a

Loud v. Merrill.

legal notice to the defendant was made by the proper person, and that the letter, enclosing it to the defendant, was properly directed, seasonably mailed and the postage paid. Bailey on Bills, 275; 2 Greenl. Ev. § 193; *Shed* v. *Brett*, 1 Pick. 401; *Lord* v. *Appleton*, 15 Maine, 270. All these things appear, by the protest and other evidence introduced by the plantiff, to have been done.

If the defendant would disprove the statements certified in the protest, the burden is upon him. The single fact that he *received* another notice, disproves none of them.

The plaintiff's proof being direct and positive of a legal demand and notice, and that proof being uncontradicted, the liability of the defendant, as indorser, is established.

Reed & Page and Rufus K. Page, were in company in the lumbering business. The defendant testified " that the plaintiff told him that Reed & Page paid him twelve per cent. interest on this note for the money when they had it." That testimony was not contradicted. The defendant indorsed for their accommodation. It would seem, therefore, that the note was prepared for the purpose of obtaining a loan by Reed & Page from the plaintiff, for a year, at twelve per cent. interest, which was paid to him when they received the money. The plaintiff, therefore, received six per cent. usurious interest, which, for the year and days of grace, amounted to three hundred and two dollars and fifty cents, which sum must be deducted from the note, and the plaintiff is entitled to judgment for the balance of the note with interest thereon from its maturity, together with three per cent. damages for protest for non-payment, out of the State. R. S. of 1841, c. 115, § 110. In such case of usury, the statute of 1846, c. 192, (R. S. of 1857, c. 45, § 2,) gives costs to the defendant and no costs to the plaintiff. *Defendant defaulted.*

Tenney, C. J., Rice, Appleton, May, and Davis, J. J., concurred.